UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1379-MWF (LAL) | Date | Sept. 14, 2015 |
|---|---|---|---|
| Title | Julian Imperial Mendoza v. G.I. Janda, Warden | | |

| Present: The Honorable | Louise A. LaMothe, United States Magistrate Judge | |
|---|---|---|
| Debbie Fischer | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**   **IN CHAMBERS:   ORDER TO SHOW CAUSE**

    On August 7, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  On October 17, 2013, Respondent filed an Answer to the Petition.  Respondent argued, in part, that Ground Two of the Petition is unexhausted.  On January 23, 2014, Petitioner filed a Traverse.  Petitioner requested that the Petition be stayed and held in abeyance to allow him a chance to exhaust his claim in state court.  (Traverse at 4.)

    On October 9, 2014, this Court granted Petitioner's request for stay.  At that time, this Court ordered Petitioner to file within 30 days a habeas corpus petition in the California Supreme Court presenting his unexhausted claim.  This Court further ordered that the matter would be held in abeyance until either Petitioner or Respondent advised this Court that the California Supreme Court had denied Petitioner's habeas corpus petition.

    This Court's review of the information on the state court's website indicates Petitioner did not file a habeas corpus petition in the California Supreme Court, as ordered by this Court.  Neither did Petitioner file a habeas corpus petition in the California Court of Appeal.

    Accordingly, petitioner is **ordered to show cause no later than October 14, 2015** why this Court should not lift the stay in this action.  Petitioner is further **ordered to show cause no later than October 14, 2015** why this Court should not dismiss the Petition as containing exhausted and unexhausted claims, see Pliler v. Ford, 542 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-1379-MWF (LAL)** | Date | **October 9, 2014** |
|---|---|---|---|
| Title | **Julian Imperial Mendoza v. G.I. Janda, Warden** | | |

225, 230, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("federal district courts must dismiss mixed habeas petitions"), and for Petitioner's failure to comply with this Court's order, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district courts have discretion to dismiss action for failure to comply with court orders).

To avoid dismissal, **on or before October 14, 2015,** petitioner must (1) file proof with this Court that he has filed a habeas corpus petition in the California Supreme Court presenting his unexhausted claim; (2) notify this Court of his election to withdraw his unexhausted Claim Two and proceed on his remaining exhausted claims; OR (3) notify this Court of his election to dismiss this action in its entirety pending exhaustion of his claims in state court. Petitioner is cautioned that dismissal of this action in its entirety may preclude federal habeas corpus review of his claims in the future due to statute of limitations and other procedural constraints.

**Petitioner is advised that his failure to timely file a response to this Order will result in a recommendation that the Petition be dismissed as containing both exhausted and unexhausted claims, and/or for failure to prosecute and follow Court orders.** Filing a document in compliance with the paragraph above will be deemed compliance with this Order to Show Cause.

**IT IS SO ORDERED.**

: 

Initials of Preparer   df